**Terry Joanne WILLIAMS, Plaintiff,**

v.

**Mitchell MASSEY, M.D., Defendant.**

**No. 1:97CV98–B–A.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Sept. 17, 1997.

Rhett R. Russell, Timmons, Randle, Russell & Walker, Tupelo, MS, William C. Walker, Jr., Biloxi, MS, for Plaintiff.

Terry Joanne Williams, Hamilton, AL, pro se.

Robert K. Upchurch, Holland, Ray & Upchurch, Tupelo, MS, for Defendant.

### MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendant's motion for summary judgment. The plaintiff has failed to respond. Upon due consideration of the defendant's memorandum and exhibits, the court is ready to rule.

### FACTS

The plaintiff filed a complaint for medical negligence on February 26, 1997, alleging that the defendant, Dr. Mitchell Massey, negligently performed a surgical treatment upon her left arm. The Case Management Plan and Scheduling Order entered in this action on May 14, 1997, required that the plaintiff's expert witnesses be designated on or before July 5, 1997. The July 5 deadline has expired and the plaintiff has not designated any expert testimony, nor has the plaintiff requested additional time in which to do so. On August 4, 1997, Magistrate Judge S. Allan Alexander entered an order granting plaintiff's counsel's motion for leave to withdraw, and giving the plaintiff twenty days within which to retain other counsel or to inform the court of her intention to proceed pro se. As of this date, no other attorney has entered an appearance on behalf of the plaintiff and the plaintiff has failed to notify the court of an intention to proceed pro se. On August 6, 1997, the defendant filed its motion for summary judgment. To this date, the plaintiff has failed to respond.

### LAW

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'... that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202, 216 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

 To establish a prima facie case of medical negligence, the plaintiff must show: (1) the existence of a duty on the part of a physician to conform to a specific standard of care; (2) a failure to conform to the standard of care; and (3) an injury to the plaintiff proximately caused by a breach of the standard of care. *Drummond v. Buckley*, 627 So.2d 264, 268 (Miss.1993). In a medical negligence action, lay witnesses can only testify concerning matters that are factual in nature or that are within the common knowledge of laymen. *Id.* The negligence of a physician may be established only by expert medical testimony with the exception of instances in which a layman can observe and understand the negligence as a matter of common sense and practical experience. *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So.2d 790, 795 (Miss.1995); *Phillips v. Hull*, 516 So.2d 488, 491 (Miss.1987). Therefore, the plaintiff must offer medical expert testimony to show that Dr. Massey breached the standard of care, proximately causing injury to the plaintiff.

The plaintiff has failed to offer the testimony of any medical expert to support her claim for medical negligence and has further failed to even designate any medical expert from which an opinion might be forthcoming. The plaintiff has not presented any reason as to why this case should fall within the "layman" exception, and the court finds that is does not. Therefore, absent medical expert testimony which (a) articulates the standard of care the physician owed a particular patient and (b) identifies how the physician breached the standard of care and caused the plaintiff's injury, the plaintiff's

claim for medical negligence must fail. *Phillips v. Hull*, 516 So.2d at 491.

## CONCLUSION

For the foregoing reasons, the court finds that the defendant's motion for summary judgment should be granted. An order will issue accordingly.